IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Charleston Bank Consortium, | ) | |
| | ) | Civil No. 2:07-cv-3856-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| National Union Fire Insurance Company of Pittsburgh, PA, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant National Union Fire Insurance Company's (NUFIC's) motion for summary judgment. Plaintiff Charleston Bank Consortium (CBC) filed a declaratory judgment action against NUFIC seeking coverage under a commercial general liability (CGL) policy. CBC seeks indemnification and defense against contract-related counterclaims brought by HSH Construction Company, Inc., in an underlying lawsuit, <u>Charleston Bank Consortium v. HSH Construction Company, Inc. v. The City of Charleston</u>, 2006-CP-10-136. These counterclaims were filed in state court in June 2004. For the reasons set forth below, the court grants the motion for summary judgment.

**I. BACKGROUND**

On October 25, 2007, CBC filed a declaratory judgment action against NUFIC in Charleston County, seeking a determination of insurance coverage for the underlying lawsuit with HSH Construction Company identified above. CBC claims it is entitled to indemnification and defense by NUFIC under a Not for Profit Protection Policy (a CGL

1

policy) for contract-related counterclaims asserted by HSH. Compl. ¶ 1-7. The pleadings first identify NUFIC policy number 965-70-69 as the policy at issue; however, later pleadings clarify that the correct policy at issue is NUFIC policy number 548-07-89, which was in effect from November 23, 2003, to November 23, 2004.

On November 29, 2007, NUFIC removed the declaratory judgment action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446 and based on diversity jurisdiction. NUFIC also filed an answer and counterclaim on the same date, alleging that CBC failed to comply with the terms of the CGL policy at issue and is therefore not entitled to coverage. Answer ¶ 4. NUFIC specifically alleges that CBC failed to provide timely notice of the counterclaims as required by the CGL policy. Answer ¶ 4. NUFIC apparently did not receive notice of the counterclaims until HSH's attorney sent a copy of the counterclaims to NUFIC.

The insurance coverage under NUFIC policy number 548-07-89 "is generally limited to the liability for only those claims that are first made against the insured during the policy period and reported in writing to the insurer pursuant to the terms herein." Def.'s Mem. Supp. Summ. J. Ex. A at Decl. 1. The policy defines a "claim" as:

(1) a written demand for monetary relief; or

(2) a civil, criminal, regulatory or administrative proceeding for monetary or non-monetary relief which is commenced by :

    (i)    service of a complaint or similar pleading; or

    (ii)    return of an indictment (in the case of a criminal proceeding); or

(iii) receipt or filing of a notice of charges; or

(3) any request to toll or waive any statute of limitations.

The term "Claim" shall include an Employment Practices Claim, provided however, that in no event shall the term "Claim" include any labor or grievance proceeding which is subject to a collective bargaining agreement.

Def.'s Mem. Supp. Summ. J. Ex. A at 2. The following portions of the policy address the notice procedure required for claims:

7. NOTICE/CLAIM REPORTING PROVISIONS

Notice hereunder shall be given in writing to the Insurer named in Item 8 of the Declarations at the address indicated in Item 8 of the Declarations. If mailed, the date of mailing shall constitute the date that such notice was given and proof of mailing shall be sufficient proof of notice. A Claim shall be considered to have been first made against an Insured when written notice of such Claim is received by any Insured, by the Named Organization on the behalf of any Insured or by the Insurer, whichever comes first.

(a) The Insureds shall, as a condition precedent to the obligations of the Insurer under this policy, give written notice to the Insurer of any Claim made against an Insured as soon as practicable and either:

(1) anytime during the Policy Year or during the Discovery Period[1] (if applicable); or

(2) within 30 days after the end of the Policy Year or the Discovery Period (if applicable), as long as such Claim is reported no later than 30 days after the date such Claim was first made against an Insured.

Def.'s Mem. Supp. Summ. J. Ex. A at 9.

ITEM 8. NAME AND ADDRESS OF INSURER (hereinafter "Insurer"):

---

[1]The Discovery Period clause applies only when the insured cancels the policy, or either the insured or the insurer refuses to renew the policy. This clause is inapplicable to the case before the court.

> (This policy is issued only by the insurance company indicated below.)
>
> *National Union Fire Insurance Company of Pittsburgh, Pa.*
>
> *175 Water Street*
>
> *New York, NY 10038*

Def.'s Mem. Supp. Summ. J. Ex. A at Decl. 3.

NUFIC claims that CBC did not give notice of a claim in writing to NUFIC as required by the policy; CBC merely gave notice of a possible lawsuit to an independent insurance agent. NUFIC bases its summary judgment motion the pleadings, portions of the deposition of Nancy Fabian, CBC Executive Director, and CBC's failure to respond to two Requests to Admit.

The deposition of Nancy Fabian occurred on July 7, 2008. During the deposition, NUFIC's counsel questioned Ms. Fabian about her contact with insurance personnel at the time the legal dispute between CBC and HSH arose. Fabian Dep. 23:2-27:25, 30:2-25, 41:2-42:23. Following the firing of a contractor, Ms. Fabian stated that she contacted Abby Potter, an employee of the Marsh Advantage America insurance brokerage firm, regarding a possible lawsuit. Fabian Dep. 24:4-19. A later affidavit of Ms. Fabian indicates that the contact with Ms. Potter occurred on September 2, 2004. Fabian Aff. 1. When asked if Ms. Fabian told Ms. Potter of the counterclaim filed by HSH on June 6, 2004, Ms. Fabian said she had not. Fabian Dep. 23:21-23. She simply told Ms. Potter that CBC might get sued as the result of firing a contractor. Fabian Dep. 23:23-24. Ms. Fabian stated that she faxed a claim form to Ms. Potter, but she had no further contact

with Ms. Potter or any other insurance company representative. Fabian Dep. 23:13-14, 27:11-17. Ms. Fabian never sent anyone a copy of the counterclaims filed by HSH or any other pleadings. Fabian Dep. 42:10-13. Ms. Fabian stated that she had two notes in a file documenting her contact with Ms. Potter and that the notes were prepared by Julie Heizer and Tammy Jones, respectively. Fabian Dep. 21:5-22:11, 22:5-6.

Pursuant to Federal Rule of Civil Procedure (FRCP) 36, NUFIC transmitted two Requests to Admit to CBC on June 6, 2009, and June 7, 2009, respectively. CBC did not respond to the Requests to Admit within the 30-day time period required by FRCP 36; therefore, the following requests are deemed to have been admitted:

1. Admit that the policy, 548-07-89, . . . is the policy in effect at the time the underlying claim was made against the Plaintiff.

2. Admit that the policy, 548-07-89, . . . is the policy at issue, inasmuch as it was the policy in effect at the time the underlying claim was made against the Plaintiff.

3. Admit that Plaintiff obtained this policy through Marsh Advantage America.

4. Admit that Marsh Advantage America is an independent insurance broker.

[5.] Admit that Plaintiff's communications regarding notice of the potential claim were with Abby Potter of the Marsh office in Greenville.

[6.] Admit that Plaintiff never gave written notice of the claim to the defendant at the below address:

National Union Fire Insurance Company of Pittsburgh, Pa.
175 Water Street
New York, NY 10038

[7.] Admit that Lighthouse Underwriters, LLC, is the Plaintiff's insurance

> agent.
>
> [8.] Admit that Plaintiff never provided a copy of the counterclaims in the Underlying suit to Defendant.
>
> [9.] Admit that Plaintiff never provided a copy of the counterclaims in the Underlying suit to Marsh.
>
> [10.] Admit that Plaintiff never provided a copy of the counterclaims in the Underlying suit to Lighthouse Underwriters, LLC.
>
> [11.] Admit that Plaintiff never provided a copy of the counterclaims in the Underlying suit to Abby Potter.

Def.'s Mem. Supp. Summ. J. 4-5.

On August 27, 2009, CBC filed a response to NUFIC's motion for summary judgment. CBC argues that it provided timely notice of the HSH counterclaims to NUFIC, and that Abby Potter, an employee of Marsh Advantage America, is an agent of NUFIC. CBC presented a sworn affidavit of Nancy Fabian, CBC Executive Director, dated August 12, 2009, more than one year after her deposition testimony. The affidavit contains several statements made by Ms. Fabian that directly contradict her deposition testimony. In the affidavit, Ms. Fabian stated that she became aware of the HSH counterclaims in mid-August 2004. Fabian Aff. 1. She stated that she "explained the entire situation regarding the counterclaim to Potter and advised her that I felt that I needed to file a claim." Fabian Aff. 2. Ms. Fabian stated that she completed the NUFIC claim form and then contacted Ms. Potter

> and asked her if I needed to send the form to anyone else or do anything further to process my claim. In response, Potter represented to me that she "was trying to find out and (would) get back" to me if National Union needed any other information from me regarding the claim.

Fabian Aff. 2. Ms. Fabian believed, "based upon Potter's representations and assurances, that the claim had been properly filed and reported to National Union." Fabian Aff. 2. In the affidavit, Ms. Fabian claimed that the two handwritten notes in her file were her own handwritten notes and not those prepared by two other individuals in her office. Fabian Aff. 2.

CBC asserts that Marsh Advantage America was licensed to sell NUFIC policies, and that Potter, as an employee of Marsh, "frequently writes policies and processes claims on behalf of National Union." Pl.'s Mem. in Opp'n 6. CBC then argues that Potter accepted the premium for CBC's policy and thus "bound National Union to CBC's policy." Pl.'s Mem. in Opp'n 7. CBC also argues that even if Potter were an independent agent, the acts of an independent agent can bind an insurer if performed "at the instance or request of the insurer." Pl.'s Mem. in Opp'n 7 (internal citations omitted). CBC argues that Potter was an agent of NUFIC because she worked for a NUFIC-licensed company. CBC claims that because Potter was an agent of NUFIC, the claim form faxed to her by Ms. Fabian on September 2, 2004, fell within the reporting period covered by the policy and properly notified NUFIC. CBC claims that many facts concerning the notification of CBC's claim remain in dispute, particularly the agency status of Marsh and Ms. Potter, and CBC requests that these factual issues be submitted to a jury.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The nonmovant must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. Evidence should be viewed in the light most favorable to the nonmoving party and all inferences drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, a mere "scintilla" of evidence will not preclude summary judgment. Id. at 252.

### III. DISCUSSION

"A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct." Rohrbough v. Wyeth Laboratories, Inc., 916 F.2d 970, 975 (4th Cir. 1990) (citing Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984)). "If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." Id.

The central issue is whether CBC provided timely notice of the counterclaims made by HSH to NUFIC according to the terms of the CGL policy in effect from November 2003 to November 2004. The pleadings and facts relied on by NUFIC show that no genuine issue of material fact exists regarding this issue.

CBC Executive Director Nancy Fabian's testimony given during her deposition

shows that Ms. Fabian did not have a clear understanding of her company's insurance coverage and the different insurance entities involved in the coverage. The testimony also shows that Ms. Fabian did not inform anyone, including Ms. Potter at Marsh Advantage America, of the counterclaims filed by HSH. She merely informed Ms. Potter of a concern that CBC *might be sued* at some point. Ms. Fabian faxed a claim form to Ms. Potter at Marsh Advantage America. Admittedly, the claim form does bear the title "National Union Fire Insurance Company of Pittsburgh, PA <u>Claim Reporting Information Sheet</u>"; however, this form was not transmitted to NUFIC per the terms of the CGL policy. Apparently, NUFIC never received this form, since NUFIC later learned of the counterclaims directly from HSH's counsel.

      More than a year after Ms. Fabian's deposition testimony, she submitted an affidavit containing statements which directly contradict significant portions of her deposition testimony. In the affidavit, she stated that she was aware of the counterclaims filed by HSH prior to speaking with Ms. Potter. Ms. Fabian stated that she fully informed Ms. Potter about the counterclaims. Ms. Fabian then stated her belief that the counterclaims had been properly reported to NUFIC. In addition, Ms. Fabian claimed notes made regarding her conversation with Ms. Potter were Ms. Fabian's notes, when her earlier deposition testimony stated that two other individuals drafted the notes. The notes are clearly in two different styles of handwriting. Ms. Fabian's affidavit conflicts with her earlier deposition testimony to such a degree that "the affidavit should be disregarded as a sham issue of fact." <u>Rohrbough</u>, 916 F.2d at 975.

      The Requests to Admit also demonstrate that no genuine issue of material fact

exists. Pursuant to FRCP 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or attorney." The matters set forth by NUFIC in the Requests to Admit reflect admissions that Marsh Advantage America is an independent insurance broker and not an agent of NUFIC, and that CBC never provided a copy of the counterclaims to anyone, including Abby Potter, Marsh Advantage America, or NUFIC. CBC is also deemed to have admitted that CBC never gave written notice of the counterclaims to NUFIC at the address specified in the CGL policy.

The thrust of CBC's argument is that CBC believed it was dealing with an agent of NUFIC when Ms. Fabian contacted Ms. Potter. CBC argues in its pleadings that it timely and properly notified NUFIC of the HSH counterclaims. The Requests to Admit completely undermine both of these arguments.

Finally, neither party argues that the CGL policy at issue is ambiguous in its terms. Under South Carolina law, "'[i]nsurance policies are subject to the general rules of contract construction.'" USAA Property and Cas. Ins. Co. v. Clegg, 661 S.E.2d 791, 797 (S.C. 2008) (quoting B.L.G. Enters., Inc. v. First Fin. Ins. Co., 514 S.E.2d 327, 330 (S.C. 1999)). "'Courts must enforce, not write, contracts of insurance, and their language must be given its plain, ordinary and popular meaning.'" Id. (quoting Sloan Constr. Co. v. Central Nat'l Ins. Co. of Omaha, 236 S.E.2d 818, 819 (S.C. 1977)). "'When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used.'" Id. (quoting B.L.G. Enters., Inc., 514 S.E.2d at 330). "'Ambiguous

or conflicting terms in an insurance policy must be construed liberally in favor of the insured and strictly against the insurer.'" Id. (quoting Diamond State Ins. Co. v. Homestead Indus., Inc., 456 S.E.2d 912, 915 (1995)).

The first declarations page of the policy requires notification of a claim within a specified period, and the policy provides a specific company name and address for receipt of such notice. There is no dispute that CBC failed to send notice of the counterclaims to the address specified in the policy. Accordingly, summary judgment is warranted in favor of NUFIC.

### IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is **GRANTED**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**November 23, 2009
Charleston, South Carolina**